```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. DKC 02-0048<br>Civil Action No. DKC 16-2331 |
| ALLEN BEAVER LAVERTE WAY | : |

* * * * * * *

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. DKC 02-0210<br>Civil Action No. DKC 16-2362 |
| ALLEN BEAVER LAVERTE WAY | : |

**MEMORANDUM OPINION**

Mr. Allen Beaver Laverte Way is serving sentences imposed in two criminal cases: 02-0048 (360 months, imposed in 2002) and 02-0210 (360 months consecutive, imposed in 2003). He has several challenges to both pending, and seeks to discharge counsel in order to dismiss some of them.

First, in 02-0048, a motion to vacate pursuant to 28 U.S.C. § 2255 was filed by counsel in 2016, with permission from the Fourth Circuit to file a second motion, based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and contending that he no longer qualified as a career offender because the residual clause in the sentencing guidelines was unconstitutionally vague. (ECF No. 75). A new civil case, 16-2331 was opened. Many such petitions were

filed and stayed pending clarification of whether the vagueness doctrine applied to sentencing guidelines. Indeed, counsel filed such a request in this case (ECF No. 79) and the court entered a standing order. That motion also remains pending. In *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court held that the guidelines were not subject to that type of analysis. Thus, the first petition lacks merit and will be dismissed. See, *Smith v. United States*, 2021 WL 533741 *2 (D.Md. February 12, 2021)("*Beckles* has foreclosed Petitioner's *Johnson* claim.") A Certificate of Appealability will not issue inasmuch as the standard has not been met. 28 U.S.C. § 2253(c)(2).

Second, another motion was filed in 02-0048 on June 11, 2020, contending that his guilty plea to possession of a firearm by a prohibited person must be vacated in light of *Rehaif v. United States*, 139 S.Ct. 2191). (ECF No. 87). It was docketed as a supplement to ECF No. 75 rather than as a new motion.

Mr. Way, proceeding pro se, filed a motion to dismiss counsel on September 10, 2021, (ECF No. 88) and, on September 13, 2021, filed a motion to dismiss the second motion to vacate judgment filed at ECF No. 87 and docketed as a supplement (ECF No. 89) because he "concluded that these actions are without merit." Those motions will be granted.

Third, in the other case, 02-210, counsel filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, similarly challenging his career offender designation under *Johnson* and a motion to stay. (ECF Nos. 156 and 157). In June 2021, Petitioner, pro se, filed a motion to rule on the motion to stay and a Motion for Compassionate Release. (ECF Nos. 165 and 167). As noted above, the initial motion lacks merit. Mr. Way agrees, because he, again pro se, filed a motion to dismiss counsel on September 10, 2021 (ECF No. 172) and to dismiss the motion to vacate judgment under 28 U.S.C. § 2255 filed at ECF No. 156 on September 13, 2021 (ECF No. 173) because "the cases are without merit." Those motions will be granted.

The undersigned received an email from Assistant Federal Public Defender Shari Derrow requesting that the motion for compassionate release in 02-0210 be held in abeyance because she expects to file a motion for a sentence reduction under Section 404 of the First Step Act on Mr. Way's behalf in case number DKC 02-0048 and "both motions will require the court to conduct a 3553(a) analysis."

A separate order will be entered.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge